## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LYNDSEY LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION FILE** |
| vs. | ) | |
| | ) | NO. 20A83681 |
| WAL-MART STORES EAST. L.P. | ) | |
| | ) | |
| Defendant. | ) | |

---

### COMPLAINT

**COMES NOW LYNDSEY LONG** and files this her Complaint for Personal Injuries against Defendant WAL-MART STORES EAST. L.P. and shows this Court the following:

1.

Plaintiff, Lyndsey Long (hereinafter sometimes referred to as "LONG" or "Plaintiff"), is a resident of the State of Georgia and, by the filing of this Complaint, is subject to the jurisdiction and venue of this Court.

2.

Defendant WAL-MART STORES EAST, LP (hereinafter sometimes referred to as "WAL-MART") is a Foreign Profit Corporation, lawfully doing business in Georgia and having, as its principal place of business, an address located at 702 SW 8th Street, Bentonville, Arkansas 72716.

3.

At all times relevant hereto, Defendant WAL-MART operated a Wal-Mart Supercenter in Dekalb County located at 8424 Mall Parkway, Lithonia, Georgia 30038.

STATE COURT OF
DEKALB COUNTY, GA.
12/1/2020 4:22 PM
E-FILED
BY: Kelly Flack

Copy from re:SearchGA

EXHIBIT C

4.

Plaintiff brings this action under O.C.G.A. § 14-2-510(b)(3) which indicates, in pertinent part, that:

(b)    Each domestic corporation and each foreign corporation authorized to transact business in this state shall be deemed to reside and to be subject to venue as follows:

(3)    In actions for damages because of torts, wrong, or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county.

5.

The wrongful conduct described herein was committed in DeKalb County and Defendant WAL-MART operates a retail facility and has an office and transacts business in DeKalb County.

6.

WAL-MART STORES EAST, LP is subject to the jurisdiction and venue of this Court.

7.

Defendant WAL-MART has, as its Registered Agent in Georgia, The Corporation Company located at 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

8.

Defendant WAL-MART can be properly served in this action by delivering an original Summons and Complaint to its Registered Agent.

## **GENERAL ALLEGATIONS**

9.

At or around 11:30 a.m. on May 7, 2020, Plaintiff Long was at the Wal-Mart Supercenter (hereinafter sometimes "the Wal-Mart Supercenter" or as "the Supercenter") located at 8424 Mall Parkway, Lithonia, Dekalb County, Georgia 30038.

Copy from re:SearchGA

EXHIBIT C

10.

While shopping at the Supercenter and pushing a Wal-Mart shopping cart, Plaintiff slipped on a clear liquid in the produce area of the store that plaintiff reasonably believes was water, injuring her right knee and hip which caused her to experience immediate, severe pain.

11.

Plaintiff, in pain, but able to walk, decided to leave the store on her own.

12.

The dangerous condition on the floor was in no way apparent or obvious.

13.

The area where Plaintiff fell was wet due to what Plaintiff reasonably believes to be water.

14.

There were no signs in place warning of the dangerous, wet condition of the floor.

15.

At all times herein, Plaintiff was watching where she was walking and was exercising reasonable care for her own safety.

**COUNT ONE**
**NEGLIGENCE**

16.

Paragraphs 1 through 15 are incorporated by reference as though fully and completely set forth.

17.

At all times relevant hereto, Defendant WAL-MART STORES EAST, LP managed, operated and exercised control over the premises.

Copy from re:SearchGA

EXHIBIT C

18.

At all times relevant hereto, Defendant WAL-MART STORES EAST, LP exercised complete control over the immediate area where Plaintiff fell.

19.

At no time when Plaintiff fell, were there no signs in the area where Plaintiff fell warning of a wet or slippery condition or of a spill on the floor to warn the Plaintiff or other invitees to the premises of such condition.

20.

At all times relevant hereto, Defendant WAL-MART STORES EAST, LP had a duty to exercise ordinary care to keep the premises at issue, and more specifically, the area where Plaintiff fell, safe for invitees and others lawfully on the property from known dangers, or dangers of which they should, if exercising reasonable care, have been aware.

21.

At all times relevant hereto, Defendant WAL-MART STORES EAST, LP had a duty to inspect the premises at issue, and more specifically, to inspect and maintain the area where Plaintiff fell in order to ensure the area was safe  to invitees and others lawfully on the property.

22.

The dangerous condition that existed in the area where Plaintiff fell was known to Defendant WAL-MART STORES EAST, LP, or in the exercise of ordinary care, should have been discovered by Defendant WAL-MART STORES EAST, LP.

23.

Defendant WAL-MART STORES EAST, LP breached its duty to the Plaintiff by failing to take reasonable actions to correct known, dangerous conditions on the property at issue; or to

Copy from re:SearchGA

EXHIBIT C

discover and take reasonable actions to correct dangerous conditions which Defendant WAL-MART STORES EAST, LP should have discovered in the exercise of ordinary care, which breach resulted in and proximately caused the injuries suffered by the Plaintiff when she fell on the premises at issue.

24.

The negligence of Defendant WAL-MART STORES EAST, LP in failing to inspect and keep its premises safe for its invitees was the sole, proximate cause of the incident resulting in injuries to the Plaintiff.

## COUNT TWO
## DAMAGES

25.

Paragraphs 1 through 24 are incorporated by reference as though fully and completely set forth herein.

26.

As a direct and proximate result of the injuries incurred by the Plaintiff, Plaintiff has incurred medical expenses to date as follows:

| | |
|---|---|
| Emory Hillandale Hospital | $2,225.00 |
| CEP America | $684.00 |
| Emory University Orthopedics & Spine | $2,863.00 |
| Emory University Hospital – Midtown | TBD |
| TOTAL: | $5,772.00+ |

for the which Plaintiff is entitled to recover against Defendant WAL-MART STORES EAST, LP.

Page 5 of 7

Copy from re:SearchGA

EXHIBIT C

27.

As a direct and proximate result of the injuries incurred in the fall at the Wal-Mart Supercenter described above, Plaintiff experienced immediate and excruciating physical pain accompanying the injuries she sustained in the fall.  Plaintiff has continued to suffer physical and emotional pain as a result of her injuries and is likely to continue to suffer such physical pain and emotional distress into the future for which she seeks to recover general damages from Defendant Wal-Mart in an amount to be determined by a jury.

**WHEREFORE,** having set forth her claims against Defendant or the which Plaintiff is entitled to recover against Defendant WAL-MART STORES EAST, LP., Plaintiff prays:

(a)     for Judgment in favor of Plaintiff against Defendant which Plaintiff is entitled to recover against Defendant WAL-MART STORES EAST, LP. for compensatory (special) damages proven at trial including past, present and future medical bills; and;

(b)     for Judgment in favor of Plaintiff against Defendant which Plaintiff is entitled to recover against Defendant WAL-MART STORES EAST, LP. for general damages for past, present and future mental and physical pain and suffering incurred as a direct and proximate result of the injuries she incurred;

(a)     for TRIAL BY JURY; and

(b)     for such other and further relief as the Court deems just and proper

Respectfully submitted this 1st day of December, 2020

ISENBERG & HEWITT, P.C.

*/s/ Melvin L Hewitt*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter

Copy from re:SearchGA

EXHIBIT C

Georgia Bar No. 742696
Richard J Crowson
Georgia Bar No. 452036
Attorneys for Plaintiffs

600 Embassy Row, Suite 150
Atlanta, Ga 30328
**T** 770 351 4400
**F** 770 828 0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com
rick@isenberg-hewitt.com

STATE COURT OF
DEKALB COUNTY, GA.
12/1/2020 4:22 PM
E-FILED
BY: Kelly Flack

Copy from re:SearchGA



EXHIBIT C

 **CT Corporation**

**Service of Process Transmittal**
12/14/2020
CT Log Number 538746137

**TO:** Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Georgia**

**FOR:** Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Long Lyndsey, Pltf. vs. Wal-Mart Stores East. L.P., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, First Interrogatories, First Request |
| **COURT/AGENCY:** | Dekalb County - State Court, GA<br>Case # 20A83681 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 05/07/2020 - 8424 Mall Parkway, Lithonia,<br>Georgia 30038 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/14/2020 at 12:34 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may<br>contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Melvin L. Hewitt, Jr.<br>Isenberg & Hewitt, P.C.<br>600 Embassy Row, Suite 150<br>Atlanta, GA 30328<br>770-351-4400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/15/2020, Expected Purge Date:<br>12/20/2020<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>112 North Main Street<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be
relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s)
of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

EXHIBIT C

**Service of Process Transmittal**
12/14/2020
CT Log Number 538746137

**TO:**   Kim Lundy Service Of Process
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:**   **Process Served in Georgia**

**FOR:**   Wal-Mart Stores East, LP  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / DL

<span style="color:red">EXHIBIT C</span>

20A83681

No._____

**Date Summons Issued and E-Filed**

12/1/2020

_____
/s/ Kelly Flack

_____
Deputy Clerk

Deposit Paid $_____

[ ]     **JURY**

**STATE COURT OF DEKALB COUNTY
GEORGIA, DEKALB COUNTY**

**SECOND ORIGINAL
SUMMONS**

**LYNDSEY LONG**_____

_____
Plaintiff's name and address
**vs.**

**WAL-MART STORES EAST, L.P.**_____

_____
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

**Melvin L Hewitt Jr / Hilary W Hunter / Richard J Crowson**_____

Name

**600 Embassy Row, Ste 150, Atlanta GA 30328**_____

Address

**(770) 351-4400**_____         **350319 / 742696 / 45236**_____

Phone Number                                               Georgia Bar No.

an **ANSWER** to the Complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 300030

_____          _____
Defendant's Attorney                                              Third Party Attorney

_____          _____
Address                                                             Address

_____          _____
Phone No.                    Georgia Bar No.          Phone No.                    Georgia Bar No.

**TYPE OF SUIT**

☒ Personal Injury ☐ Products Liability            Principal $_____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability            Interest   $_____
☐ Other
                                                          Atty Fees $_____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
☒(Plaintiff consents to e-service pursuant to OCGA 9-11-5(f). The email address for service appears in the complaint.**

STATE COURT OF
DEKALB COUNTY, GA.
12/1/2020 4:22 PM
E-FILED
BY: Kelly Flack

EXHIBIT C

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| **LYNDSEY LONG,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION FILE** |
| **vs.** ) | |
| ) | **NO.** 20A83681 |
| **WAL-MART STORES EAST. L.P.** ) | |
| ) | |
| **Defendant.** ) | |

---

### COMPLAINT

**COMES NOW LYNDSEY LONG** and files this her Complaint for Personal Injuries against Defendant WAL-MART STORES EAST. L.P. and shows this Court the following:

1.

Plaintiff, Lyndsey Long (hereinafter sometimes referred to as "LONG" or "Plaintiff"), is a resident of the State of Georgia and, by the filing of this Complaint, is subject to the jurisdiction and venue of this Court.

2.

Defendant WAL-MART STORES EAST, LP (hereinafter sometimes referred to as "WAL-MART") is a Foreign Profit Corporation, lawfully doing business in Georgia and having, as its principal place of business, an address located at 702 SW 8th Street, Bentonville, Arkansas 72716.

3.

At all times relevant hereto, Defendant WAL-MART operated a Wal-Mart Supercenter in Dekalb County located at 8424 Mall Parkway, Lithonia, Georgia 30038.

STATE COURT OF
DEKALB COUNTY, GA.
12/1/2020 4:22 PM
E-FILED
BY: Kelly Flack

**EXHIBIT C**

4.

Plaintiff brings this action under O.C.G.A. § 14-2-510(b)(3) which indicates, in pertinent part, that:

    (b)    Each domestic corporation and each foreign corporation authorized to transact business in this state shall be deemed to reside and to be subject to venue as follows:

        (3)    In actions for damages because of torts, wrong, or injury done, in the county where the cause of action originated, if the corporation has an office and transacts business in that county.

5.

The wrongful conduct described herein was committed in DeKalb County and Defendant WAL-MART operates a retail facility and has an office and transacts business in DeKalb County.

6.

WAL-MART STORES EAST, LP is subject to the jurisdiction and venue of this Court.

7.

Defendant WAL-MART has, as its Registered Agent in Georgia, The Corporation Company located at 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

8.

Defendant WAL-MART can be properly served in this action by delivering an original Summons and Complaint to its Registered Agent.

**GENERAL ALLEGATIONS**

9.

At or around 11:30 a.m. on May 7, 2020, Plaintiff Long was at the Wal-Mart Supercenter (hereinafter sometimes "the Wal-Mart Supercenter" or as "the Supercenter") located at 8424 Mall Parkway, Lithonia, Dekalb County, Georgia 30038.

EXHIBIT C

10.

While shopping at the Supercenter and pushing a Wal-Mart shopping cart, Plaintiff slipped on a clear liquid in the produce area of the store that plaintiff reasonably believes was water, injuring her right knee and hip which caused her to experience immediate, severe pain.

11.

Plaintiff, in pain, but able to walk, decided to leave the store on her own.

12.

The dangerous condition on the floor was in no way apparent or obvious.

13.

The area where Plaintiff fell was wet due to what Plaintiff reasonably believes to be water.

14.

There were no signs in place warning of the dangerous, wet condition of the floor.

15.

At all times herein, Plaintiff was watching where she was walking and was exercising reasonable care for her own safety.

**COUNT ONE**
**NEGLIGENCE**

16.

Paragraphs 1 through 15 are incorporated by reference as though fully and completely set forth.

17.

At all times relevant hereto, Defendant WAL-MART STORES EAST, LP managed, operated and exercised control over the premises.

EXHIBIT C

18.

At all times relevant hereto, Defendant WAL-MART STORES EAST, LP exercised complete control over the immediate area where Plaintiff fell.

19.

At no time when Plaintiff fell, were there no signs in the area where Plaintiff fell warning of a wet or slippery condition or of a spill on the floor to warn the Plaintiff or other invitees to the premises of such condition.

20.

At all times relevant hereto, Defendant WAL-MART STORES EAST, LP had a duty to exercise ordinary care to keep the premises at issue, and more specifically, the area where Plaintiff fell, safe for invitees and others lawfully on the property from known dangers, or dangers of which they should, if exercising reasonable care, have been aware.

21.

At all times relevant hereto, Defendant WAL-MART STORES EAST, LP had a duty to inspect the premises at issue, and more specifically, to inspect and maintain the area where Plaintiff fell in order to ensure the area was safe  to invitees and others lawfully on the property.

22.

The dangerous condition that existed in the area where Plaintiff fell was known to Defendant WAL-MART STORES EAST, LP, or in the exercise of ordinary care, should have been discovered by Defendant WAL-MART STORES EAST, LP.

23.

Defendant WAL-MART STORES EAST, LP breached its duty to the Plaintiff by failing to take reasonable actions to correct known, dangerous conditions on the property at issue; or to

EXHIBIT C

discover and take reasonable actions to correct dangerous conditions which Defendant WAL-MART STORES EAST, LP should have discovered in the exercise of ordinary care, which breach resulted in and proximately caused the injuries suffered by the Plaintiff when she fell on the premises at issue.

24.

The negligence of Defendant WAL-MART STORES EAST, LP in failing to inspect and keep its premises safe for its invitees was the sole, proximate cause of the incident resulting in injuries to the Plaintiff.

## COUNT TWO
## DAMAGES

25.

Paragraphs 1 through 24 are incorporated by reference as though fully and completely set forth herein.

26.

As a direct and proximate result of the injuries incurred by the Plaintiff, Plaintiff has incurred medical expenses to date as follows:

| | |
|---|---|
| Emory Hillandale Hospital | $2,225.00 |
| CEP America | $684.00 |
| Emory University Orthopedics & Spine | $2,863.00 |
| Emory University Hospital – Midtown | TBD |
| TOTAL: | $5,772.00+ |

for the which Plaintiff is entitled to recover against Defendant WAL-MART STORES EAST, LP.

EXHIBIT C

27.

As a direct and proximate result of the injuries incurred in the fall at the Wal-Mart Supercenter described above, Plaintiff experienced immediate and excruciating physical pain accompanying the injuries she sustained in the fall.  Plaintiff has continued to suffer physical and emotional pain as a result of her injuries and is likely to continue to suffer such physical pain and emotional distress into the future for which she seeks to recover general damages from Defendant Wal-Mart in an amount to be determined by a jury.

**WHEREFORE,** having set forth her claims against Defendant or the which Plaintiff is entitled to recover against Defendant WAL-MART STORES EAST, LP., Plaintiff prays:

(a)     for Judgment in favor of Plaintiff against Defendant which Plaintiff is entitled to recover against Defendant WAL-MART STORES EAST, LP. for compensatory (special) damages proven at trial including past, present and future medical bills; and;

(b)     for Judgment in favor of Plaintiff against Defendant which Plaintiff is entitled to recover against Defendant WAL-MART STORES EAST, LP. for general damages for past, present and future mental and physical pain and suffering incurred as a direct and proximate result of the injuries she incurred;

(a)     for TRIAL BY JURY; and

(b)     for such other and further relief as the Court deems just and proper

Respectfully submitted this 1st day of December, 2020

ISENBERG & HEWITT, P.C.

*/s/ Melvin L Hewitt*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter

STATE COURT OF
DEKALB COUNTY, GA.
12/1/2020 4:22 PM
E-FILED
BY: Kelly Flack

Page 6 of 7

Georgia Bar No. 742696
Richard J Crowson
Georgia Bar No. 452036
Attorneys for Plaintiffs

600 Embassy Row, Suite 150
Atlanta, Ga 30328
**T** 770 351 4400
**F** 770 828 0100
mel@isenberg-hewitt.com
**hilary@isenberg-hewitt.com**
rick@isenberg-hewitt.com

STATE COURT OF
DEKALB COUNTY, GA.
12/1/2020 4:22 PM
E-FILED
BY: Kelly Flack

Page 7 of 7

EXHIBIT C

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LYNDSEY LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | |
| WAL-MART STORES EAST. L.P. | ) | NO. 20A83681 _____ |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF LYNDSEY LONG'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART STORES EAST. L.P.

**COMES NOW LYNDSEY LONG** (hereinafter "plaintiff") in the above-captioned case, and hereby requires that defendant **WAL-MART STORES EAST. L.P.** (hereinafter sometimes "WAL-MART") answer, under oath, the following interrogatories within forty-five (45) days from the date of service of Plaintiff's First Interrogatories To Defendant Wal-Mart Stores East, L.P., as provided by law, and furnish a copy of such answers to Plaintiff's attorneys, Isenberg & Hewitt, PC, 600 Embassy Row, Suite 150, Atlanta, Georgia 30328.

### INSTRUCTION

In answering these interrogatories, you are required to furnish all information that is available to you or subject to your reasonable inquiry including information in the possession of your attorneys, accountants, advisors or other persons directly or indirectly employed by, or connected with, you or your attorneys, and anyone else otherwise subject to your control.

In answering these interrogatories, you must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If an interrogatory has subparts, answer each part separately and in full, and do not limit your answer to

Page **1** of **8**

the interrogatory as a whole.  If these interrogatories cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

With respect to each interrogatory, in addition to supplying the information asked for and identifying the specific documents referred to, <u>identify and describe all documents to which you refer in preparing your answers</u>.   The interrogatories are continuing, and the answers thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

## **DEFINITIONS**

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

A.   "Person" shall mean and include a natural person, partnership, firm or corporation or any other kind of business or legal entity, its agents or employees.

B.   In each instance wherein you are asked to "Identify" a person, or the answer to the interrogatory refers to a person, state with respect to each person:

(1)   his name, date of birth, and Social Security Number;

(2)   his last known residence, business address and telephone number;

(3)   his company affiliation at the date of the transaction referred to;

(4)   his title and duties in the company with which he was affiliated.

(The male gender includes the female, and the singular pronoun includes the plural.)

C.   The words "Document" and "Documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action.   This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records; notes; summaries; schedules; contracts or agreements; drawings; sketches; invoices, orders or acknowledgments; diaries, reports, forecasts or appraisals; memoranda of telephone or in person conversations by or with any person, or any other memoranda; letters, telegrams, telexes, E-mails, or cables prepared, drafted, received or sent; tapes, transcripts or recordings; photographs, pictures or films; computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever.   Any

EXHIBIT C

document which contains any comment, notation, addition, insertion or marking of any kind which is not part of another document, is to be considered a separate document.

D.  In each instance wherein you are asked to "Identify" or describe a "Document", your description should be sufficient to satisfy the requirements of Section 34 of the Civil Practice Act, and should include, but not be limited to:

(1)  the name, address, telephone number, occupation, job title and employer of the present custodian of the document;

(2)  the fact or facts which would tend to be established by the introduction into evidence of the document;

(3)  the date of the making of the document and the name, address, telephone number, occupation, job title and employer of each person whose testimony could be used to authenticate the document and lay the foundation for its introduction into evidence.

E.  In each instance wherein you are asked to "Identify" or describe a "person", your description should be sufficient to satisfy the requirements of Section 34 of the Civil Practice Act, and should include, but not be limited to:

(1)  the name, address, telephone number, occupation, job title and employer of such person;

(2)  the fact or facts which would tend to be established by the introduction into evidence of such person;

(3)  the name, address, telephone number, occupation, job title and employer of such person whose testimony could be used to authenticate the document and lay the foundation for its introduction into evidence.

F.  The terms "You" and "Your" shall mean the named Defendant Wal-Mart Stores East, L.P., (including any predecessor, successor, and affiliate thereof) and employees, agents, and duly authorized representatives.

G.  The term "subject incident" shall mean the occurrence alleged by the Plaintiff to have happened when she slipped and fell on a foreign substance at the 8424 Mall Parkway, Lithonia, Georgia 30038 Wal-Mart Supercenter on May 7, 2020.

H.  The term "slip and fall incident", for purposes of these Requests shall mean any incident or occurrence where and individual slips or claims to have slipped on a foreign substance, including water and any other liquid or solid substance or item that is not where it is supposed to be.

I.      The term "the area where the Plaintiff fell" when used herein shall mean the area of the produce department or section of the Wal-Mart Supercenter located at 8424 Mall Parkway, Lithonia, Georgia 30038.

J.      The term "the Premises" shall mean the Wal-Mart Supercenter located at 8424 Mall Parkway, Lithonia, Georgia 30038.

## INTERROGATORIES

### Interrogatory No. 1

Please identify the name, title and basis of authority of each and every person answering or contributing to the answers to these Interrogatories on your behalf. [Specifically excluded from identification are individuals whose contributions to the responses to these interrogatories are purely clerical in nature.  Further excluded are defendant's counsel and defendant's counsel's staff.]

### Interrogatory No. 2

Please identify the owner of the premises where the incident giving rise to this lawsuit occurred. [Note: If you are not the 'owner' of the premises, to include the land upon which the Walmart Supercenter at issue is located, or if you leased or rented the premises or any part thereof, please identify any lessor.]

### Interrogatory No. 3

If you contend that the injuries Plaintiff sustained on May 7, 2020 at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter were the result of any other person or person's or entity's negligence, other than the Defendant or an employee of the Defendant, please state, with specificity, the factual basis for any such claim or contention on your part.   In your response to this interrogatory, please fully and completely describe each negligent act or acts you claim

Page **4** of **8**

EXHIBIT C

were committed by such other person (non-related, employed or engaged by you) or entity which resulted in any of Plaintiff's injuries.

### Interrogatory No. 4

Please identify, with sufficient particularity so as to allow the plaintiff to frame a Notice to Produce, all procedures, procedures manuals, policies, directives, protocols, memorandums, notices, alerts, safety messages, instructions, instruction manuals, training materials and all other written or tangible memorialization which pertain to or concern in any way to the inspection and/or maintenance and/or cleaning of floors at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter.

### Interrogatory No. 5

Identify, with sufficient particularity so as to allow the plaintiff to frame a Notice to Produce, any maintenance logs or other reports utilized by the Defendant to memorialize inspections of the floors at the subject premises.

### Interrogatory No. 6

Please state fully and completely how you maintain the alleged incident giving rise to this lawsuit happened, please provide a complete chronology of events in your answer.

### Interrogatory No. 7

Please identify all incidents of a 'slip and fall' or a claim of a 'slip and fall' incident which occurred, or which was alleged to have occurred, at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter within the three (3) years prior to and up to May 7, 2020.

EXHIBIT C

### Interrogatory No. 8

Please identify all incidents of a 'slip and fall' or a claim of a 'slip and fall' incident which occurred, or which was alleged to have occurred, at any Wal-Mart Supercenter located in the State of Georgia within the three (3) years prior to and up to May 7, 2020.

### Interrogatory No. 9

Please identify all individuals, by name and by title, who:

(a)     was, on May 7, 2020, the most senior management employee at defendant Wal-Mart's 8424 Mall Parkway, Lithonia, Georgia location;

(b)     was the immediate supervisor of the most senior management employee;

(c)     was working at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter between 9:30 a.m. and 1:30 p.m. on May 7, 2020;

(d)     was assigned to work in the produce department of the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter between 9:30 a.m. and 1:30 p.m. on May 7, 2020; and

(e)     was the most senior person in charge of the produce department of the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter between 9:30 a.m. and 1:30 p.m. on May 7, 2020.

[NOTE:   This interrogatory may be responded to in one response as long as the title and work area is made clear.]

### Interrogatory No. 10

Please identify, (i) the manager, or most senior executive of the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter who was the manager, regardless of whether or not he or

EXHIBIT C

she was on duty or at the Stonehill Mall Wal-Mart Supercenter at the time of the incident at issue on May 7, 2020; and (ii) such manager's immediate supervisor.

### Interrogatory No. 11

Please identify all Persons that, to Your or Your representatives' knowledge, information or belief:

(a)   were eyewitnesses to any of the events of the incident giving rise to this lawsuit; and/or

(b)   any activities or actions of the Plaintiff, Lyndsey Long, within 12 hours prior to the incident; and/or

(c)   has knowledge concerning the incident giving rise to this lawsuit.

### Interrogatory No. 12

Please state in reasonable detail the knowledge each Person identified in response to Interrogatory No. 1 parts (a), (b) and (c).

### Interrogatory No. 13

Please describe, in detail, all actions or activities of the plaintiff you, or any of your agents or employees observed: (i) prior to the alleged incident while the plaintiff was inside the subject Walmart Supercenter; and (ii) at the time of the subject incident; and (iii) after the alleged accident/incident.

### Interrogatory No. 14

Did you or any of your agents or employees speak with or render any assistance or support of any kind to the plaintiff after she was injured?   If you did, please describe any communications or assistance or help was given to the plaintiff and the names and addresses of those persons rendering assistance.

EXHIBIT C

**Interrogatory No. 15**

Please identify a designee (or designees) of Defendant Wal-Mart Stores East, L.P., pursuant to O.C.G.A. § 9-11-30(b)(6), who can testify regarding Defendant Wal-Mart Stores East, L.P.'s Answer to Plaintiff's Complaint and Defendant Wal-Mart Stores East, L.P.'s responses to Plaintiff's First Interrogatories and First Requests for Production of Documents to Defendant Wal-Mart Stores East, L.P.

Respectfully submitted this _____ day of December, 2020.

ISENBERG & HEWITT, P.C.

Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter
Georgia Bar No. 742696
Richard J. Crowson
Georgia Bar No. 452036
Attorneys for Plaintiffs

600 Embassy Row, Suite 100
Atlanta GA 30328
**T** (770) 351-4400
**F** (770) 828-0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com
rick@isenberg-hewitt.com

<span style="color:red">EXHIBIT C</span>

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| LYNDSEY LONG, | ) |
| | ) |
|        Plaintiff, | ) |
| vs. | )    **CIVIL ACTION FILE** |
| | ) |
| WAL-MART STORES EAST, L.P. | )    **NO.** 20A83681 |
| | ) |
|        Defendant. | ) |

---

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
### AND
### NOTICE TO PRODUCE PURSUANT TO O.C.G.A. § 24-13-27
### TO DEFENDANT WAL-MART STORES EAST, L.P.

**COMES NOW LYNDSEY LONG**   (hereinafter sometimes referred to by name or as

"Plaintiff") in the above-captioned case and hereby requests defendant **WAL-MART STORES**

**EAST. L.P.** (hereinafter sometimes referred to as "WAL-MART") produce, within forty-five (45)

days from the date of service of Plaintiff's First Request for Production of Documents to Defendant

Wal-Mart Stores East, L.P. to Plaintiff's attorneys, Isenberg & Hewitt, PC at 600 Embassy Row,

Suite 150, Atlanta, Georgia 30328.

### INSTRUCTIONS

**YOU ARE HEREBY INSTRUCTED**, to produce at every hearing, trial and every

deposition of the defendant or any of its officers or directors in the above-styled case, and from

time to time and from term to term, or until the above-styled matter is concluded, the following

requested documents and materials and records which are in your possession, custody or control.

**NOTE A:**     Should any document or thing herein requested come into existence or

become known to you or your attorney subsequent to your receipt of this request or subsequent to

Page **1** of **8**

EXHIBIT C

the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

**NOTE B:** As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may Photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production; provided however that nothing in this paragraph shall be deemed to nullify or amend defendant's obligation to present all of the requested documents at any deposition or hearing or trial of this matter.

**NOTE C:** If privilege is claimed as to any document otherwise covered by this request for production, defendant requests that each document as to which privilege is claimed be identified in a manner such that the Court may determine whether or not such document is entitled to be accorded privileged status. Specifically, state (a) the document's sender or author, recipient, date, type of document (*e.g.*, letter, memorandum, record, etc.) and general subject matter; and (b) the basis upon which you claim the privilege. This request for production seeks inspection and copying of documents in the possession of plaintiff and its agents and attorneys, including both copies and originals, unless otherwise specifically stated.

### DEFINITIONS

A.     The words "Document" and "Documents" mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action.   This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records; notes; summaries; schedules; contracts or agreements; drawings; sketches; invoices, orders or acknowledgments; diaries, reports,

EXHIBIT C

forecasts or appraisals; memoranda of telephone or in person conversations by or with any person, or any other memoranda; letters, telegrams, telexes, E-mails, or cables prepared, drafted, received or sent; tapes, transcripts or recordings; photographs, pictures or films; computer programs or data or other graphic, symbolic, recorded or written materials of any nature whatsoever.   Any document which contains any comment, notation, addition, insertion or marking of any kind which is not part of another document, is to be considered a separate document.

B.      The terms "You" and "Your" shall mean the named Defendant, Wal-Mart Stores East, L.P.

C.      The term "Knowledge" includes not only first-hand information, but includes information derived from any other source including hearsay knowledge.

D.      The term "subject incident" shall mean the occurrence alleged by the Plaintiff to have happened when she slipped and fell on a foreign substance at the 8424 Mall Parkway, Lithonia, Georgia 30038 Wal-Mart Supercenter on May 7, 2020.

E.      The term "slip and fall incident", for purposes of these Requests shall mean any incident or occurrence where an individual slips or claims to have slipped on a foreign substance, including water or any other liquid or solid substance or item that is not where it is supposed to be.

F.      "The area where the Plaintiff fell" when used herein shall mean the produce department of the 8424 Mall Parkway, Lithonia, Georgia 30038 Wal-Mart Supercenter.

G.      The term "the Premises" shall mean the Wal-Mart Supercenter located at 8424 Mall Parkway, Lithonia, Georgia 30038.

EXHIBIT C

### Request No. 1

Please produce all rules, regulations, mandates, guidelines, procedures, policies and all similar writings, whether stored electronically or in tangible format pertaining to the cleaning, maintenance, inspection, care, control and safety of the area of the premises where Plaintiff fell.

### Request No. 2

Please produce the index to <u>all</u> policy and procedures manuals, regardless of their title used internally to describe such manuals, which contain any reference to floor cleaning, floor maintenance, floor inspection, or floor safety protocols.

### Request No. 3

Please produce all training materials, including video materials, which were used to train employees, including prospective employees, working at or being considered to work at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter relative to the cleaning and inspection of floors during regular business hours. [This Request is limited in time to materials utilized during the three (3) years prior to and up to May 7, 2020.]

### Request No. 4

Please produce a copy of any employee manuals provided to employees working at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter, which manual or manuals were issued to or provided to employees at any time within the three (3) years prior to and up to May 7, 2020.

EXHIBIT C

## Request No. 5

Please produce any and all pictures, photographs, images and video images which show or depict the Plaintiff at any time she was on the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter premises on May 7, 2020.

## Request No. 6

To the extent the same was not produced in response to the preceding Request, please produce any and all pictures, photographs, images and video images which show or depict the Plaintiff in the area where she fell on the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter premises.

## Request No. 7

Please produce copies of all statements and reports which pertain to the subject incident.

## Request No. 8

Please produce a drawing or schematic or diagram which lays out or depicts the interior footprint of the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter.  [This Request seeks information and a depiction of entrance and exits, aisles, registers, office space, bakery, meat and produce areas.]

## Request No. 9

Please produce a copy of any report, incident report, notes and documentation of the incident which is the subject of this lawsuit.

EXHIBIT C

### Request No. 10

Please produce a copy of <u>all</u> 'slip and fall' incident reports which occurred at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter which incidents occurred within the three (3) years prior to and up to May 7, 2020.

### Request No. 11

Please produce a copy of <u>all</u> 'slip and fall' incident reports which occurred at <u>any and all</u> Wal-Mart Stores located in the State of Georgia which incidents occurred within the three (3) years prior to and up to May 7, 2020.

### Request No. 12

To the extent not produced in response to any other Request, please produce a copy of all incident reports, clean-up reports or logs or orders, sweep reports or logs, floor inspection reports or logs, and spill reports, regardless of the title or name or classification of such log or report used or utilized internally by Defendant Wal-Mart, which reports or logs were prepared or which referenced a May 7, 2020 act or occurrence.

### Request No. 13

Please produce the job descriptions for or applicable to all employees working at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter on May 7, 2020.

### Request No. 14

Please produce a list or report or memorialization which would identify all employees working at the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter on May 7, 2020.

EXHIBIT C

**Request No. 15**

Please produce copies of all government inspections of the 8424 Mall Parkway, Lithonia, Georgia Wal-Mart Supercenter Premises which inspections occurred at any time within the three (3) years prior to and up to May 7, 2020. [This Request includes, but is not limited to Health Department inspections, building inspections, fire inspections, etc.]

**Request No. 16**

To the extent not produced in Response to any prior Request, please produce all documents, correspondence, reports, memorialization, notes and emails which in any way pertain to the subject incident.

**Request No. 17**

Please produce a copy of all expert reports which have been obtained from any expert expressing an opinion as to the subject incident.

**Request No. 18**

Please produce a copy of the curriculum vitae (or resume) for any expert who may be called to testify at trial.

**Request No. 19**

Please produce a copy of all policies, procedures, rules, regulations, mandates, guidelines which refer to Your retention of video surveillance images.

**Request No. 20**

To the extent not produced in response to any above Request, please produce a copy of all documents You referenced in Your Answer and all documents You referred to in Your Response to Plaintiff's First Interrogatories to Defendant Wal-Mart Stores East, L.P.

EXHIBIT C

This 1st day of December, 2020.

ISENBERG & HEWITT, P.C.

Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter
Georgia Bar No. 742696
Richard J. Crowson
Georgia Bar No. 452036
Attorneys for Plaintiffs

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
**T** (770) 351-4400
**F** (770) 828-0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com
rick@isenberg-hewitt.com

EXHIBIT C

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

LYNDSEY LONG,                                    Civil Action File No.
                                                 20A83681

           Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

           Defendant.

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP., and makes this

Answer to Plaintiff's Complaint as follows:

## FIRST DEFENSE

Plaintiff's  Complaint fails to state a claim against Defendant upon which

relief can be granted.

## SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

Page -1-

EXHIBIT C

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims are barred by insufficiency of service and insufficiency of process.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

### 1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

### 2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint, but shows that it is a "limited partnership".

EXHIBIT C

3.

Defendant admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendant admits the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of the Plaintiff's Complaint, as stated.

6.

Defendant admits the allegations contained in paragraph 6 of the Plaintiff's Complaint at this time only.

7.

Defendant admits the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendant admits the allegations contained in paragraph 8 of the Plaintiff's Complaint.

EXHIBIT C

9.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 11 of Plaintiff's Complaint, said allegations therefore stand denied.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint, as stated.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint, as stated.

EXHIBIT C

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Paragraphs 1 through 15 are incorporated by reference as though fully and completely set forth.

17.

Defendant admits only that Wal-Mart Stores East, LP operated the subject store.  Defendant denies the remaining allegations contained in paragraph 17 of Plaintiff's Complaint.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint, as stated.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint, as stated.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

EXHIBIT C

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint. The applicable statute and case law speak for themselves.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.

Paragraphs 1 through 24 are incorporated by reference as though fully and completely set forth herein.

26.

Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

EXHIBIT C

27.

Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

29.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a) and (b), and second (a) and (b) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088

STATE COURT OF
DEKALB COUNTY, GA.
12/7/2020 7:23 AM
E-FILED
BY: Kelly Flack

Page -7-

  /s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART STORES EAST, LP..

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

STATE COURT OF
DEKALB COUNTY, GA.
12/7/2020 7:23 AM
E-FILED
BY: Kelly Flack

<span style="color:red">EXHIBIT C</span>

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP.. has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the __7th__ day of December, 2020.

McLAIN & MERRITT, P.C.


/s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, LP..

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

Page -9-

EXHIBIT C

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

LYNDSEY LONG,                                                    Civil Action File No.
                                                                20A83681
                Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

                Defendant.

_____/

## **12-PERSON JURY DEMAND**

        COMES NOW Defendant, WALMART STORES EAST, L.P. and demands a

trial by a jury of twelve (12) persons.


                                        McLAIN & MERRITT, P.C.

                                        /s/ Howard M.  Lessinger
                                        Howard M. Lessinger
                                        Georgia Bar No. 447088
                                        Attorneys for Defendant
                                        WALMART STORES EAST, L.P.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT C

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Odyssey E-file.

This the __7th__ day of December, 2020.

McLAIN & MERRITT, P.C.

_/s/ Howard M.  Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART STORES EAST, LP..

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT C

**IN THE STATE COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| LYNDSEY LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION FILE |
| | ) | |
| WAL-MART STORES EAST, L.P. | ) | NO. 20A83681_____ |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify I have caused ***Plaintiff's Response to Defendant's First Request for Admissions of Fact*** to be served upon counsel for defendant via statutory electronic service to the following:

Howard M. Lessinger (hlessinger@mmatllaw.com)

Jennie E. Rogers (jrogers@mmatllaw.com)

This 7th day of January, 2021.

ISENBERG & HEWITT, P.C.

*/s/ Melvin L Hewitt*
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319
Hilary W. Hunter
Georgia Bar No. 742696
Rick Crowson
Georgia Bar No. 452036
Attorneys for the Plaintiff

600 Embassy Row, Suite 150
Atlanta, Georgia 30328
T 770-351-4400
F 770-828-0100
mel@isenberg-hewitt.com
hilary@isenberg-hewitt.com
rick@isenberg-hewitt.com

EXHIBIT C

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

LYNDSEY LONG,                                          Civil Action File No.
                                                      20A83681

                    Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

                    Defendant.

_____/

NOTICE OF TAKING DEPOSITION

        YOU ARE HEREBY notified that beginning on the 8th day of March, 2021,

commencing at 11:00 a.m., at the offices of Isenberg & Hewitt, PC, 600 Embassy

Row, Suite 150, Atlanta, GA, the deposition will be taken of  Lyndsey Long.  Said

deposition will be taken for purposes of discovery and all other purposes provided

by law before an officer duly authorized to administer oaths.  The deposition shall

continue from day-to-day until completion.        This deposition may also be

videotaped by a videographer.

                                          McLAIN & MERRITT, P.C.



                                            /s/ Howard M. Lessinger
                                          Howard M. Lessinger
                                          Georgia Bar No. 447088
                                          Attorneys for Defendant

EXHIBIT C

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

STATE COURT OF
DEKALB COUNTY, GA.
12/7/2020 7:23 AM
E-FILED
BY: Kelly Flack

EXHIBIT C

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing NOTICE OF TAKING DEPOSITION has this day been filed and served upon opposing counsel via Odyssey E-File.

This the __7th__ day of December, 2020.

McLAIN & MERRITT, P.C.

_/s/ Howard M.  Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WAL-MART STORES EAST, L.P.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<span style="color:red">EXHIBIT C</span>

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

LYNDSEY LONG,                                        Civil Action File No.
                                                    20A83681

        Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

        Defendant.

_____/

## CERTIFICATE REGARDING DISCOVERY

Pursuant to Uniform State Court Rule 5.2, as amended, the undersigned

hereby certifies that the following discovery has been served upon all persons

identified in the Certificate of Service attached hereto and incorporated herein by

reference:

DEFENDANT'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

DEFENDANT'S INTERROGATORIES AND REQUEST FOR PRODUCTION TO
PLAINTIFF

                        McLAIN & MERRITT, P.C.

                        /s/ Howard M.  Lessinger
                        Howard M. Lessinger
                        Georgia Bar No. 447088
                        Attorneys for Defendant
                        WALMART STORES EAST, L.P.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

EXHIBIT C

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing **CERTIFICATE REGARDING DISCOVERY** has this day been filed and served upon opposing counsel via Odyssey E-file.

This the _____7th_____ day of December, 2020.

McLAIN & MERRITT, P.C.

_/s/ Howard M.  Lessinger___
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendant
WALMART STORES EAST, L.P.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com