IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Lyndsey Long,

            Plaintiff,

v.                                          Case No. 1:21-cv-646-MLB

Wal-Mart Stores East, LP,

            Defendant.

_____/

## ORDER

This matter comes before the Court upon a review of subject matter jurisdiction. Having carefully considered the removal papers and briefing by the parties, the Court finds that the amount in controversy is not met. The Court remands this action to the State Court of DeKalb County, Georgia.

**I.**    **Background**

On May 7, 2020, Plaintiff Lyndsey Long slipped and fell on a clear liquid in the produce area of a Wal-Mart Supercenter in Lithonia, Georgia. (Dkt. 1-3.) Plaintiff sued Defendant Wal-Mart Stores East, LP, in the State Court of DeKalb County, Georgia. (*Id.*) She alleges she

experienced "immediate and excruciating physical pain" when she fell and injured her right knee and hip. (*Id.*) She claims she incurred "$5,772.00+" in medical expenses as of the date of the complaint. (*Id.*) She is seeking past, present, and future medical expenses and pain and suffering. (*Id.*) In response to Defendant's first interrogatories, Plaintiff identified her medical expenses to be $2,225 from Emory Hillandale Hospital, $684 from CEP America, $14,084+ from Emory Orthopaedics & Spine Center, $2,863 from Emory University Hospital Midtown, and $392 from Advanced Physical Therapy & Sports Medicine Clinic. (Dkt. 1-2.) The total is $20,248.00. Thereafter, Defendant removed the case to this Court. (Dkt. 1.) In the notice of removal, Defendant alleged the amount in controversy was met because Plaintiff claimed her injuries and partial medical bills total $20,248. (*Id.* ¶ 6.) During a hearing, the Court raised a concern about the amount in controversy and ordered the parties to file briefs addressing the same. (*See* docket entry dated 8/30/21.) Defendant, apparently facing a change of mind or reconsidering its prior representation, concedes the amount in controversy is not met and asks the Court for remand back to State Court. (Dkt. 45.) Plaintiff, not having

initially invoked this Court's jurisdiction, now insists the amount in controversy is met. (Dkt. 46.)

## II. Standard of Review

A case may be removed from state to federal court only if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). Aside from cases arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions between citizens of different states with an amount of controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a). A district court must construe removal statutes narrowly, resolving all doubts against removal. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

## III. Discussion

The parties spend a lot of time discussing if and when Plaintiff will supplement her medical records. (Dkts. 45 at 3–4; 46 ¶¶ 1–2, 5.) That is of no importance to the jurisdictional analysis at issue. "What counts is the amount in controversy at the time of removal." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 772 (11th Cir. 2010) (noting

that the jurisdictional determination "is based only on the facts as they exist at the time of removal"). At the time of removal, Plaintiff had identified at least $20,248 in medical expenses. (Dkt. 1-2.) This dollar figure can be used in calculating the amount in controversy. But her medical bills are less than one third the required amount, leaving a balance of $54,752 and requiring a giant leap to infer the amount in controversy exceeds $75,000. In addition to past medical expenses, Plaintiff seeks damages for present and future medical expenses and past, present, and future pain and suffering. A generic scattershot list of unspecified damages is unhelpful. *See Bouzoubaa v. Bank of Am.*, No. 1:17-CV-3031-TWT-LTW, 2018 WL 1789806, at *5 (N.D. Ga. Jan. 19, 2018) ("As Defendant points out, Plaintiff has sought a number of different types of damages for his various claims, but without a baseline as to what some of these damages are or a basis for calculating them, this Court cannot say at this juncture that Defendant can show by a preponderance of the evidence that the amount in controversy has been satisfied."), *adopted by* 2018 WL 1790025 (N.D. Ga. Feb. 23, 2018); *see also Parker v. Wal-Mart Stores E. LP*, No. 5:18-cv-00440-TES, 2019 WL 413560, at *3 (M.D. Ga. Feb. 1, 2019) ("While the concrete special

damages totaling $30,440.19 *could* lend to a damages amount ultimately exceeding the jurisdictional requirement, such a conclusion—at this time—is too speculative because Plaintiff's remaining balance of damages are enumerated by generic, boilerplate prayers for relief and contain no calculated sums of damages sought."). Neither Plaintiff nor Defendant offer the Court any other basis to conclude the amount in controversy exceeds $75,000. This action must be remanded.[1]

## IV. Conclusion

The Court **REMANDS** this case to the State Court of DeKalb County, Georgia. The Clerk is **DIRECTED** to **CLOSE** this action.

**SO ORDERED** this 2nd day of November, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[1] Defendant urges the Court to judicially estop Plaintiff from seeking damages greater than $75,000 in State Court. (Dkt. 45 at 5–6.) No way! Defendant invoked federal jurisdiction and seems to have done so without basis. Plaintiff has never taken the position that her case is worth less than $75,000, did not oppose Defendant's removal, and still insists she seeks more than $75,000. It would be strange indeed to permit a defendant to hamstring a plaintiff's subsequent state court recovery by improperly removing a case to federal court and then seeking remand, particularly when a plaintiff fights remand.